1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                      FOR THE DISTRICT OF ARIZONA

9    ERINEO CANO,                    )
                                     )
10            Plaintiff,             )
                                     )
11            v.                     )    CIV 04-01340 PHX ROS (MEA)
                                     )
12   DORA B. SCHRIRO, LEE HOLLIDAY,  )    REPORT AND RECOMMENDATION
     PATRICIA STAPLER,              )
13                                   )
              Defendants.            )
14   _____)

15   TO THE HONORABLE ROSLYN O. SILVER:

16            This matter is before the Magistrate Judge on referral

17   from the District Judge, and the determination of the Magistrate

18   Judge   is   dispositive   of   some   of   Plaintiff's   claims.

19   Accordingly, the following proposed findings of fact, report,

20   and recommendation, are made pursuant to Rule 72(b), Federal

21   Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).

22            Before the Court is Plaintiff's motion for leave to

23   amend his complaint (Docket No. 139).

24            Pursuant to a scheduling order issued by the Court on

25   March 25, 2005, Plaintiff was allowed until September 30, 2005,

26   to amend his complaint.  See Docket No. 55.  On January 30,

27   2006, the Court docketed Plaintiff's motion to amend his

28   complaint.  Docket No. 139.  Defendants opposed Plaintiff's

1  first motion to amend his complaint.   <u>See</u> Docket No. 142.

2                           **Background**

3          Plaintiff, presently incarcerated in the Arizona State
4  Prison in Florence, Arizona, filed a *pro se* complaint pursuant
5  to 42 U.S.C. § 1983 on June 28, 2004, and filed an amended
6  complaint on August 11, 2004.  Docket No. 9.  Plaintiff has been
7  deemed an abusive litigant, who is prohibited from filing *in*
8  *forma pauperis* section 1983 complaints absent a showing of
9  "imminent danger of serious physical injury."  Docket No. 12.

10         On September 16, 2004, the Court ordered Defendants to
11  respond to Plaintiff's allegation that Defendants violated
12  Plaintiff's Eighth Amendment rights because Defendants did not
13  provide Plaintiff with adequate medical treatment for his
14  hepatitis C.   <u>See</u> Docket No. 12.   The parties entered into
15  discovery and Plaintiff was deposed.   The date for completing
16  discovery has expired, and the deadline for filing dispositive
17  motions was January 30, 2006.   <u>See</u> Docket No. 128.   On January
18  30, 2006, Defendants filed a motion for summary judgment;
19  Plaintiff's response to the motion is due March 2, 2006.

20         Plaintiff did not lodge a proposed amended complaint.
21  Plaintiff seeks to amend his complaint to allege "violations of
22  the Americans with Disabilities Act (ADA)" and to add
23  defendants.  Docket No. 139  Plaintiff also seeks leave to amend
24  to assert further factual allegations with regard to events
25  which have occurred since he filed his first amended complaint,
26  and Plaintiff further seeks to "have this case certified as a
27  class action."   <u>Id.</u>

28                           -2-

**Analysis**

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires.  See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).  "Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. This policy is applied even more liberally to pro se litigants."  Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations and quotations omitted).

However, in exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment.  See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991).  "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Id. at 443 (internal quotations omitted).  The Court would eventually have to dismiss a claim added to a complaint if the plaintiff raised a claim that was legally frivolous or malicious, that failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is immune from such relief.  42

U.S.C. § 1997(c)(1) (2003 & Supp. 2005).

Plaintiff's motion to amend should be denied because it would not facilitate a decision in this matter on the merits and because it would cause undue delay and prejudice to Defendants. Plaintiff states no basis on which the Court could properly find that his claim would provide a basis for a class action suit and, therefore, this amendment would be futile. Plaintiff's failure to previously amend his complaint constitutes undue delay and, given Plaintiff's status as a vexatious litigant, may be construed as exhibiting a dilatory motive.

The motion to amend should be denied with respect to addition of an ADA claim because Plaintiff should not be allowed to amend the complaint to state a separate cause of action with different elements of liability after Defendants have completed discovery and filed a motion for judgment as a matter of law with regard to the original cause of action.

Defendants would be unduly prejudiced should Plaintiff be allowed to amend his complaint at this late date to add a claim or to add defendants. Additionally, the Court's discretion should not be exercised to allow Plaintiff to add new factual allegations to his complaint which would, in effect, alter his claim for relief. Cf. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding the denial of leave to amend because the plaintiff had delayed filing the amended complaint for eight months beyond the time they should have known of the existence of the claims and noting that "[p]rejudice to the opposing party is the most important factor"

-4-

in determining whether to grant leave to amend); <u>Duggins v.</u>
<u>Steak 'N Shake, Inc.</u>, 195 F.3d 828, 834 (6th Cir. 1999)
(upholding denial of leave to amend where the District Court
cited the plaintiff's undue delay in missing the deadline to
amend the complaint and undue prejudice to the defendant where
the plaintiff sought amendment after the close of discovery);
<u>Smith v. Angelone</u>, 111 F.3d 1126, 1134 (4th Cir. 1997) (stating
that "a motion to amend may be denied when it has been unduly
delayed and when allowing the motion would prejudice the
nonmovant").

**Conclusion**

Allowing Plaintiff to add an additional cause of action
to this suit at this time in these proceedings, which would
require further discovery, prejudice newly added defendants, and
delay the proceedings, is not in the interests of justice in
this matter.  <u>See</u> <u>Divkovic v. Southern California Edison Co.</u>,
302 F.3d 1080, 1087 (9th Cir. 2002).

**THEREFORE, IT IS RECOMMENDED THAT** Plaintiff's motion to
amend his complaint (Docket No. 139) be **denied.**

This recommendation is not an order that is immediately
appealable to the Ninth Circuit Court of Appeals.  Any notice of
appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
Procedure, should not be filed until entry of the district
court's judgment.

-5-

1      Pursuant to Rule 72(b), Federal Rules of Civil

2  Procedure, the parties shall have ten (10) days from the date of

3  service of a copy of this recommendation within which to file

4  specific written objections with the Court.  Thereafter, the

5  parties have ten (10) days within which to file a response to

6  the objections.  Failure to timely file objections to any

7  factual or legal determinations of the Magistrate Judge will be

8  considered a waiver of a party's right to de novo appellate

9  consideration of the issues.  See United States v. Reyna-Tapia,

10  328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S.

11  900 (2003).  Failure to timely file objections to any factual or

12  legal determinations of the Magistrate Judge will constitute a

13  waiver of a party's right to appellate review of the findings of

14  fact and conclusions of law in an order or judgment entered

15  pursuant to the recommendation of the Magistrate Judge.

16      DATED this 15th day of February, 2006.

17

18

19     _____

20          Mark E. Aspey
          United States Magistrate Judge

21

22

23

24

25

26

27

28                          -6-