IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erineo Cano,<br><br>     Plaintiff,<br><br>vs.<br><br>Dora B. Schriro; Lee Holliday; Patricia Stapler,<br><br>     Defendants. | No. CV 04-1340-PHX-ROS<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Mark E. Aspey's Report and Recommendation (R&R) (Doc. 145) filed on February 22, 2006, regarding Plaintiff Erineo Cano's Motion to File Amended Complaint. (Doc. 139) Judge Aspey recommends that the Court deny Plaintiff's motion. For the reasons stated below, the Court will adopt the R&R in part, reject in part, and deny Plaintiff's Motion.

**I.   BACKGROUND**

The undisputed timeline of this case, which includes the Court's scheduling order and the dates of importance to this motion, is set out in the R&R. (See Doc. 145)  It is important to note specifically that the Court's scheduling order of March 25, 2005 (Doc. 55) allowed Plaintiff to amend his complaint until September 30, 2005, and that Plaintiff

1  did not file his Motion to File Amended Complaint until January 30, 2006, 4 months after
2  the deadline had passed. (Doc. 139)
3       Plaintiff's Motion to File Amended Complaint did not include his proposed
4  amendments. (See Doc. 139) The first paragraph of Plaintiff's motion requests leave to
5  file an amended complaint by adding both an Americans with Disabilities Act claim and
6  additional defendants. (Doc. 139) In support of his motion, Plaintiff states that "[e]vents
7  [and] violations have occurred since plaintiff filed the original and first amended
8  complaints." (Doc. 139) It is unclear what those events and violations are, but Plaintiff
9  appears to be referring to allegations regarding prison officials failing to disclose potential
10 defendants, failing to allow him access to mail, and failing to allow him access to legal
11 supplies and books. (See e.g. Doc. 139, Doc. 159) The second paragraph adds that
12 Plaintiff intends to amend his complaint to have the case certified as a class action
13 pursuant to Federal Rule of Civil Procedure 23. (Doc. 139) The remainder of the motion
14 consists of Plaintiff advising the Court of various problems Plaintiff is experiencing with
15 his mail and with receiving visitors. (Doc. 139) Plaintiff appears to request relief beyond
16 allowing him to amend his complaint, but the Court is unable to determine the precise
17 relief requested, and will not consider that request.
18 **II.    ANALYSIS**
19 **A. The Magistrate Judge's R&R**
20      Regarding each amendment Plaintiff desired to make to his complaint, the
21 Magistrate Judge applied Federal Rule of Civil Procedure 15(a), which states that, after a
22 responsive pleading is served, a party may amend a pleading only when given leave by
23 the court, but requires that such leave "shall be freely given when justice so requires."
24 Based on this standard, the Magistrate Judge concluded that Plaintiff's motion should be
25 denied because of the potential prejudice to the opposing party and, in the case of the
26 class action certification amendment, the futility of allowing the amendment. (Doc. 145)
27
28

1 | Plaintiff objects to the Magistrate Judge's recommendations because they are
2 | "erroneous and contrary to law," and because they are "patently unfair and biased in favor
3 | of the defendants."

4 | **B.  Legal Analysis**

5 | The standard used by the Magistrate Judge in denying the motion is incorrect.
6 | Although Rule 15(a) sets the standard for determining when to allow a motion to amend a
7 | pleading, Rule 16(b) requires that when a scheduling order must be modified, "good
8 | cause" be shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th
9 | Cir. 1992).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad
10 | faith of the party seeking to interpose an amendment and the prejudice to the opposing
11 | party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party
12 | seeking the amendment." Id. at 609.  If the party seeking to amend were unable to comply
13 | with the deadline despite that party's diligence, the Court may modify the schedule.  Id.
14 | The inquiry ends, however, if the party seeking the amendment has not shown diligence.
15 | Id.  The existence of prejudice to the opposing party might "supply additional reasons to
16 | deny a motion." Id.

17 | Plaintiff has failed to show diligence in attempting to comply with the scheduling
18 | order.  The Court originally gave the defendant until March 25, 2005 to amend his
19 | complaint.  (See Doc. 17)  Subsequently, the Court extended Plaintiff's time to amend his
20 | complaint until September 30, 2005, giving him an additional six months.  (See Doc. 55)
21 | Plaintiff missed this final deadline by 4 months.  Neither in his motion to amend of
22 | January 30, nor in any communications to the Court prior to the September 30 deadline,
23 | did Plaintiff demonstrate any evidence showing he was diligent in attempting to meet the
24 | scheduling order.  Vague "[e]vents and violations" are not enough to show diligence, or
25 | establish good cause.  Additionally, the Court agrees with the Magistrate's finding that
26 | "allowing a new cause of action, with different elements of liability after Defendants have
27 | completed discovery and filed a motion for judgment as a matter of law with regard to the
28 |

original cause of action would be prejudicial to the defense." (Doc. 145) Accordingly, the Court agrees with the Magistrate that Plaintiff should not be granted leave to file an amended complaint.

### III. CONCLUSION

Because no evidence of diligence was presented to the Court, either in Plaintiff's motion to amend, or in his communications with the Court prior to the passing of the deadline, Plaintiff has failed to show good cause to amend his complaint. In addition, the prejudice to the opposing party provides the Court an additional reason to deny a motion to amend at this late date. Plaintiff's violation of Local Rule 15.1, in failing to include a copy of the proposed amended pleading, does not alter the outcome of this ruling, since Plaintiff has failed to show good cause, and the motion must be denied regardless of the contents of the proposed amendment.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Aspey's Report & Recommendation (Doc. 145) to deny Plaintiff's Motion to Amend Complaint is **ADOPTED, IN PART, and REJECTED, IN PART,** as set forth in this order and that the Plaintiff's Motion to Amend Complaint (Doc. 139) is **DENIED**.

DATED this 31st day of May, 2006.

Roslyn O. Silver
United States District Judge

- 4 -